# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

GEORGE MERCIER,

    Plaintiff,

v.

UNITED STATES DISTRICT COURT, *et al.*,

    Defendants.

2:06-cv-01407-RCJ-LRL

## REPORT & RECOMMENDATION

George Mercier, acting *pro se*, is suing the United States District Court; names the United States of America as a real party in interest, and the United States District Court for the District of Utah, Federal Judge Dee Benson, Utah State Board of Regents, and the University of Utah Board of Trustees as interested parties. Plaintiff filed a Motion to Proceed *In Forma Pauperis* and Complaint on November 3, 2006 (#1).

### BACKGROUND

George Mercier has filed upwards of sixty cases in this court in the last year. He has sought to proceed *in forma pauperis* in each instance.

### DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, this court must review the instant action. 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). Pleadings prepared by *pro se* litigants should be held to less stringent standards and thus be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). However, "[p]ro se litigants must [still] follow the same rules of procedure as other

litigants." *King*, 814 F.2d at 567 (citations omitted).  In determining whether a plaintiff has satisfied Rule 12(b)(6), all material allegations in the complaint are accepted as true and are construed in the light most favorable to the plaintiff.  *See Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980) (citations omitted).

Upon review the court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton*, 504 U.S. at 33.

Plaintiff alleges that the State of Utah has attempted to assault him three times; this Complaint narrates the events surrounding its third "attempt."  Plaintiff claims that a white pickup truck with Utah plates was lying in wait, and when he approached the driver started the truck and drove toward him.  Plaintiff jumped out of the way, "to stay away from the Fairey."  (Complaint (#1-3) at 3).  Plaintiff claims this violates the Civil Rights Act of 1964 because there was a "defamatory statement" made when the "Fairey" started the truck and a "second defamatory statement" when he put the truck in motion.  *Id.*

The plaintiff also states that through this lawsuit he is going to impeach the character of each member of the State of Utah's Board of Regents, the Board of Trustees, and the University of Utah.  He claims that the FBI has supplied the members of these organizations with false credentials.  Additionally, he claims the FBI supplied the federal judges in Nevada with his background

information, transcripts, and expects to receive preferential treatment.

Plaintiff also claims that Nolan Karras, a member and past Chairman of the Utah State Board of Regents, conspired with former Governor of Utah Michael Leavitt to commit "numerous federal felony violations" against plaintiff. Plaintiff claims they stole money from him by asking a federal judge to order the IRS to seize his money; they physically broke into plaintiff's dorm room; and they had a party with Governor Guinn where the plaintiff's relatives were made to listen to defamatory statements about him.

In closing, plaintiff asserts his Fifth Amendment privilege for everything from his actual thoughts to every statement made on the telephone.

**ORDER**

IT IS ORDERED that the Application to Proceed *in Forma Pauperis* (#1) is GRANTED. Plaintiff shall not be required to pre-pay the filing fee of three hundred fifty dollars ($350.00).

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint.

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that the Complaint should be dismissed with prejudice based on an indisputably meritless legal theory and frivolity.

DATED this 20th day of November, 2006.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**